**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| GREGORY C. DOUGLASS | § | |
| | § | |
| v. | § | A-11-CV-416 LY |
| | § | |
| WINSTON G. WILLIAMS, et al. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Winston Williams's Motion for Judgment on the Pleadings (Clerk's Doc. No. 54); Defendants Brian Riewe and Brian Riewe PC's Motion for Judgment on the Pleadings (Clerk's Doc. No. 55); Plaintiff Gregory Douglass's Responses to the Defendants' Motions (Clerk's Doc. Nos. 59, 60); and the Defendants' Replies (Clerk's Doc. Nos. 66,67).[1] The District Court referred these motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges (Clerk's Doc. No. 57).

**I.   Introduction**

Plaintiff Gregory Douglass worked as an attorney for Brian Riewe, P.C. He is now suing the firm, its sole shareholder Brian Riewe, and its office manager Winston Williams. He claims that they violated the Employee Retirement Income Security Act (ERISA) and state law. Most of his

---

[1]The Defendants retained the same law firm, and the pleadings for the two sides overlap significantly; in many sections, the pleadings are carbon copies of one another. Rather than duplicating the analysis, the undersigned will consolidate the analysis of the Defendants' twin motions except where individual analysis is necessary.

claims stem from how the Defendants administered a simplified employee pension plan (SEP Plan). He alleges that the Defendants failed to correctly contribute to his retirement fund and provide proper disclosures related to the accounts. He also claims that the Defendants violated their fiduciary duties and took money out of his salary to put in the retirement account. Douglass seeks his contributions to the account and the money deducted from his salary, and he also seeks his salary for several months at the end of his employment, which he claims the Defendants failed to pay him in violation of Texas' Payday Act and contract law.

The Defendants deny that ERISA governs the retirement plan, and further, even if it did, they did not violate it. They claim that they did not have a fiduciary duty and were not required to make yearly disclosures regarding the account to Douglass. And they claim that the Payday Act only allows an employer to seek administrative remedies, so Douglass cannot maintain a private action under the Act. Finally, Williams claims that he is not a proper party for Douglass's state law claims, and Riewe and the firm request that the Court decline to exercise supplemental jurisdiction over the state law claims if the court grants their motion on the ERISA claims.

## II.     Legal Standard

"A motion brought pursuant to FED. R. CIV .P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). The standard of review under Rule 12(c) is the same as that under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007),

and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).[2] *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum

---

[2]*See also Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (A "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555).

expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558).

### III. Analysis

Throughout the Defendants' motions, they rely heavily on *Twombly* and *Iqbal*, and seem to suggest that those cases radically transformed motion to dismiss practice, at times seeming to treat the motion as if it were a summary judgment motion. While *Twombly* and *Iqbal* did elaborate on the standard traditionally applied to Rule 12(b)(6) motions, they did not radically change the general rules regarding motions to dismiss. The Court still takes the factual allegations of the complaint as true, and focuses on whether the plaintiff has provided enough facts to put the defendant on notice of the claim stated, and enough facts to make a plausible claim for relief. The Plaintiff is now on his Fourth Amended Complaint, and there is little question that the Defendants are on notice as to what Douglass is alleging. Further, this is not a case "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co.*, 313 F.3d at 312. As set out below, the motions to dismiss attempt to advance the summary judgment analysis to the dismissal stage of this case, and thus are, with one small exception, not meritorious.

#### A. Douglass's ERISA Claims

The Defendants allege that ERISA does not govern the SEP Plan, and thus the ERISA claims should be dismissed. ERISA defines, an "employee pension benefit plan" as any plan or fund that is "established or maintained by an employer" that

> provides retirement income to employees or results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C. § 1002(2)(A) (internal section headings omitted).  The Fifth Circuit has not addressed whether an SEP Plan created under 26 U.S.C. § 408(k) falls under ERISA.  But other circuits have concluded that it does.  *See Garatt v. Walker*, 164 F.3d 1249, 1251 (10th Cir. 1998) (en banc) (agreeing with the panel's determination that "a SEP is a pension plan within the meaning of ERISA"); *In re Schlein*, 8 F.3d 745, 747 (11th Cir. 1993) (accepting a bankruptcy judge's decision that an SEP account is an employee benefit plan as defined by ERISA).  Moreover, courts have hesitated to determine whether a particular SEP Plan falls within ERISA as a matter of law; rather, they have looked to the particular facts of the plan in resolving that question.  *See DeBasio v. LifeUSA Holdings, Inc.*, No. 98-3346 JEI, 1998 WL 546127 at *2 (Aug. 27, 1998) (looking at whether a employer regularly contributed to the plan).

At this stage of the litigation, the undersigned must take Douglass's allegations as true, and at this time, Douglass has pled sufficient facts to support the SEP Plan falling under ERISA's protections.  Accordingly, the undersigned RECOMMENDS that the District Court DENY the Defendants' Motions for Judgment on the Pleadings (Clerk's Doc. Nos. 54,55) with respect to his ERISA claims.

      **B.**     **Douglass's State Law Claims**

Defendant Williams moves for the court to dismiss Douglass's state law claims against him because he claims that he does not have a contractual relationship with Douglass.  Williams also states that Douglass does not plead sufficient facts to support a conversion, fraud, or tortious interference claim.  Finally, he argues that Douglass cannot pursue a claim under the Texas Payday Act because he did not file an administrative claim; therefore, he can only sue for breach of contract.

Whether or not Douglass can sustain these claims against Williams rests on factual determinations and therefore it is inappropriate to determine the validity of these claims at this stage

in the litigation. In his motion, Williams claims that Douglass does not allege sufficient facts to support that Williams exercised dominion over funds belonging to Douglass, that Williams made a material misrepresentation, or that Williams was motivated by his own personal interest. However, it is clear from the motion that Williams understands the allegations, and whether Douglass's claims have merit should not be resolved on a motion for judgment on the pleadings, but rather is more appropriately decided in a motion for summary judgment. Further, Williams's arguments read more into *Twombly* and *Iqbal* than is there. The facts sufficiently place Williams on notice as to the types of claims and the underlying assertions, and are enough to state plausible claims for relief. At this stage, it is improper to issue fact-based decisions on whether Williams was an employer, a fiduciary, or a plan administrator. Until those facts are developed in the record, the undersigned cannot determine whether Douglass has a valid contract claim against Williams. Therefore, the undersigned RECOMMENDS that the District Court DENY Defendant Williams' Motion for Judgment on the Pleadings (Clerk's Doc. No. 54) with respect to his state law claims for conversion, fraud, breach of contract, and tortious interference.

Both Defendants argue that the court should dismiss Douglass's claims under the Payday Act. A worker seeking wages has two options: file an administrative claim with the Texas Workforce Commission (TWC) under the Payday Act or sue for a common law breach of contract claim. *Abatement Inc. v. Williams*, 324 S.W.3d 858, 863–64 (Tex.App.—Houston [14th Dist.] 2010, pet. denied). Here, Douglass has taken the second option and sued for breach of contract; therefore, he cannot also maintain a claim against the Defendants under the Payday Act. Accordingly, the undersigned RECOMMENDS that the District Court GRANT Defendant Williams's Motion for Judgment on the Pleadings (Clerk's Doc. No. 54) and the Defendants' Motion for Judgment on the Pleadings (Clerk's Doc. No. 55) with respect to Douglass's state law claims under the Payday Act.

Defendants Brian Riewe and Riewe PC request that the court decline to exercise supplemental jurisdiction and dismiss Douglass's state law claims if the court dismisses his ERISA claims. As noted above, the undersigned recommends that the District Court deny the Defendants' motions for judgment on Douglass's ERISA claims, so the undersigned also RECOMMENDS that the District Court DENY the Defendants' Motion for Judgment on the Pleadings (Clerk's Doc. No. 55) with respect to Douglass's state law claims except for claims under the Payday Act.

## IV.   A Final Note

The courts in the Western District of Texas are among the busiest in the country. With the exception of Mr. Williams, who is a law office manager, all of the parties to this case are attorneys. They have been aggressively battling each and every issue in the case. In addition to the motions for judgment on the pleadings, Douglass has amended his complaint three times, and the Defendants have filed a motion to dismiss each complaint. In total, the parties have filed 13 opposed motions since the first motion to dismiss on August 16, 2011. It is not clear if this suit is doing service as the means for disgruntled former colleagues to take shots at each other, but if it is, the parties should know better. If the parties have legitimate legal claims they are as entitled as anyone to litigate those, but the Court expects more from attorneys than it does from lay parties, and the parties should keep this in mind as they proceed in this case.

## V.   Recommendation

The undersigned RECOMMENDS that Defendant Winston Williams's Motion for Judgment on the Pleadings (Clerk's Doc. No. 54) and Defendants Brian Riewe and Brian Riewe PC's Motion for Judgment on the Pleadings (Clerk's Doc. No. 55), be GRANTED IN PART AND DENIED IN PART. The Court recommends that the motions be granted with respect to Douglass's claims against the Defendants pursuant to the Payday Act, and denied in all other respects.

**VI.    Warnings**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE